UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AJAIB SINGH,<br><br>    Petitioner,<br><br>    v.<br><br>ALBERTO R. GONZALES, et al.,<br><br>    Respondents. | CASE NO.  C06-500-RSM-MJB<br><br>REPORT AND RECOMMENDATION<br>RE: INDEFINITE DETENTION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a native and citizen of India who is being detained by United States Immigration and Customs Enforcement ("ICE") pursuant to an order of removal that became final on November 8, 2005. On April 7, 2006, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 8 U.S.C. § 2241, challenging the constitutional and statutory authority of ICE to detain him any further due to the unlikelihood of his removal from the United States in the reasonably foreseeable future. (Dkt. #3). Petitioner requests that he be released from custody pending his removal from the United States. Respondents contend that petitioner's removal is likely within the next 90 days and his continued detention is warranted because he is a flight risk and a danger to the community. (Dkt. #11).

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE – 1

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #3) be DENIED and respondents' motion to dismiss (Dkt. #11) be GRANTED.

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner Ajaib Singh is a native and citizen of India.  (Dkt. #14 at L69, R9).  In 1974, he moved from India to Kamloops, Canada.  (Dkt. #14 at R160).  On February 16, 1978, he was convicted of rape in Kamloops, Canada, and was sentenced to seven years imprisonment.  Petitioner fled Canada and returned to India before serving his sentence.  *Id.*

On August 7, 1994, petitioner entered the United States at New York, New York, aboard an Air France flight that originated in Paris, France.  (Dkt. #14 at R160).  Upon inspection, petitioner stated that he had no travel documents and claimed political asylum.  (Dkt. #14 at R11, R160).  On October 5, 1994, an Immigration Judge ("IJ") admitted petitioner into the United States as an asylee.  (Dkt. #14 at R160).  On December 4, 1996, petitioner adjusted his status to that of lawful permanent resident.  *Id.*

On June 15, 2001, petitioner was extradited to Canada to serve a seven year sentence for his 1978 rape conviction.  (Dkt. #14 at R160).  Petitioner served four years of the seven year sentence and, in September 2005, was released from Canadian custody and returned to ICE custody in Blaine, Washington.  (Dkt. #14 at R124).  ICE issued a Notice to Appear charging petitioner with removal under section 237(a)(2)(A)(iii), of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), because "at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(A) of the Act, a law relating to rape."  (Dkt. #14 at R124).  On November 8, 2005, an IJ ordered petitioner removed to India.  (Dkt. #14 at R131, R154).  Petitioner waived his right to appeal.  *Id.*  Accordingly, petitioner's removal order became administratively final on November 8, 2005.

A.  <u>Removal Efforts</u>

On November 15, 2005, a travel document request was sent to the Consulate General of India in San Francisco.  (Dkt. #14 at R157).  On February 7, 2006, ICE contacted the consulate office and was advised that it could take six to twelve months to receive approval from India to issue a travel document.  *Id.*  On February 22, 2006, ICE sent a second request for a travel document to the Embassy of India in Washington, D.C.  (Dkt. #14 at R130-32).

On February 24, 2006, representatives from ICE and India's Ministry of External Affairs met in India and discussed issues relating to the repatriation of Indians.  (Dkt. #12).  "An agreement was reached that ICE would prepare travel document presentations for submission directly to the Ministry of External Affairs via the U.S. Embassy in Delhi.  The Indian government representatives indicated that processing of such requests usually takes approximately 90 days."  *Id.*

On March 28, 2006, a travel document packet was sent to ICE headquarters in Washington, D.C., "as part of a large scale request to the Embassy of India."  (Dkt. #11, p. 5).  ICE indicated that petitioner's "travel document application would be submitted on or about May 4, 2006 and that a decision would be determined in approximately 90 days."[1]  *Id.*

B.  <u>File Custody Review</u>

On February 7, 2006, ICE conducted a Post Order Custody Review.  (Dkt. #14 at R153-61).  Deportation Officer Carl Stephens concluded, "Since there is not significant likelihood of removal within the next 6 to 12 months, it is the writer's recommendation we forward a request

---

[1] A conflicting Declaration from Deportation Officer John Schultz states that petitioner's application was forwarded to the U.S. Embassy in India on April 13, 2006, and would be presented to the Foreign Ministry in India between April 24 and 28.  Mr. Schultz stated that "ICE believes a travel document will issue for Mr. Singh within the next 90 days."  Dkt. #12.

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE – 3

for assistance to [ICE headquarters] and release him on an Order of Supervision pending issuance of a travel document." (Dkt. #14 at R154). Field Officer Director A. Neal Clark, however, declined to follow the recommendation and decided that petitioner would remain in ICE custody. (Dkt. #14 at R153). On May 3, 2006, Deportation Officer Stephens conducted a second Post Order Custody Review. (Dkt. #11, Ex. 1). Deportation Officer Stephens concluded,

> Based on the Subject's criminal history, international flight to avoid persecution and consistent deceitfulness concerning his criminal past, the subject presents a risk of flight and a danger to the community. Further, removal from the United States is likely in the foreseeable future with firm-time frames for the issuance of a travel document from the government of India. Consequently, it is recommended that the Subject remain [sic] custody pending the issuance of his travel document.

(Dkt. #11, Ex. 1, p. 9).

## III.  DISCUSSION

The post-removal-detention statute, INA § 241(a), 8 U.S.C. § 1231(a), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001).

In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nonetheless, the six month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no significant likelihood of removal in the

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE – 4

1  reasonably foreseeable future." *Id*. Then the burden shifts to respondents to produce evidence
2  which could rebut petitioner's showing. *Id*.

3  In this case, petitioner has been in ICE custody following a final order of removal since
4  November 8, 2005. Thus, petitioner's six-month presumptively reasonable removal period
5  expired on or about May 8, 2006. Respondents argue that petitioner cannot meet his burden
6  under *Zadvydas* of establishing that his removal is not likely in the reasonably foreseeable future.
7  Respondents assert that "ICE has completed all of the steps that are necessary for the issuance of
8  a travel document, and is only waiting on a response from the government of India," which has
9  represented that issuance of the document should take no more than 90 days from the date of
10 submission. (Dkt. #11 at 6).

11 Petitioner challenges respondents contention that he will be removed in the reasonably
12 foreseeable future, arguing that the "bare assurance" that he will be removed within 90 days
13 does not amount to removal in the reasonably foreseeable future. (Dkt. #15 at 7). Petitioner
14 cites *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37 (D.D.C. 2002), in support of his argument
15 that to be reasonably foreseeable "removal must be truly imminent." *Seretse-Khama*, 215 F.
16 Supp. 2d at 48. In *Seretse-Khama*, however, the petitioner had been detained for well over
17 three years with "no sign of travel documents on the horizon." *Id*. at 48. In the instant case,
18 petitioner has been detained just over seven months and respondents have submitted evidence
19 that petitioner's travel document should arrive within the next 60 days. Accordingly, the Court
20 finds that petitioner has not met his burden of establishing that his removal is not likely in the
21 reasonably foreseeable future.

22 As this Court previously determined in *Lun v. INS*, Case No. C02-0937L (W.D. Wash.
23 Dec. 4, 2002), however, "[t]his conclusion does not end the analysis." *Id.* at 4; *see also*

24

25 REPORT AND RECOMMENDATION
   RE: INDEFINITE DETENTION
26 PAGE – 5

*Zadvydas*, 533 U.S. at 700.  Rather, the Court must also ask whether the continued detention comports with the basic purposes of the statute, "namely, assuring the alien's presence at the moment of removal and protecting the community." *Id.* "Thus, even where removal is reasonably foreseeable, the habeas court should consider the alien's flight risk and the risk he poses to the community to determine whether confinement during the reasonable removal period is justified." *Id.* (citing *Zadvydas*, 121 S. Ct. at 2499).

Petitioner contends that ICE improperly relied on his thirty year old rape conviction in determining that he is a flight risk and a danger to the community.  Petitioner argues that "such a 'temporally distant' offense is an insufficient basis for determining future dangerousness," and that, aside from a conviction for driving under the influence in 2000, he has not been convicted of any other crimes.  (Dkt. #15 at 8)(citing *Ngo v. I.N.S.*, 192 F.3d 390, 398 (3$^d$ Cir. 1999).  Petitioner claims that his "decades-old conviction is far outstripped by his years of law-abiding conduct while in the United States." *Id.*

Respondents argue that petitioner's criminal history, his previous flight over an international border to avoid justice, and his deception towards immigration authorities in applying for asylum and adjustment of status all justify his continued detention.  *See* 8 C.F.R. § 241.4(e), (f).[2]  The Court agrees that these facts would support a decision to continue detention

---

[2] Before making a decision regarding release, the Field Office Director must conclude that: (1) a travel document is not available or removal is not practical or in the public interest; (2) the detainee is nonviolent; (3) the detainee is likely to remain nonviolent; (4) the detainee is not likely to pose a threat to the community following release; (5) the detainee is not likely to violate the conditions of release; (6) the detainee does not pose a significant flight risk.  8 C.F.R. § 241.4(e).  The Field Office Director should also consider the following factors: (1) disciplinary problems while incarcerated; (2) the nature and seriousness of the alien's criminal convictions including time served, probation history, and evidence of recidivism; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) favorable factors, such as ties to the U.S. including number of close relatives; (6) prior immigration violations and history; (7) the likelihood that the alien is a significant flight risk; (8) any other probative

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE – 6

pending removal. Although petitioner's conviction is twenty-eight years old, petitioner fled Canada after sentencing in 1978 and was a fugitive from justice for twenty-three years. Petitioner has only just completed serving his sentence for his 1978 conviction. Accordingly, petitioner's offense cannot be said to be "temporally distant." Because removal is reasonably foreseeable, ICE's determination that petitioner is a flight risk and a danger to the community justifies his continued detention.

### IV.  CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 16th day of June, 2006.

MONICA J. BENTON
United States Magistrate Judge

---

evidence. 8 C.F.R. § 241.4(f).

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION
PAGE – 7