UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AJAIB SINGH,<br><br>          Petitioner,<br><br>    v.<br><br>ALBERTO S. GONZALES, *et al.*,<br><br>          Respondents. | CASE NO. C06-0500RSM<br><br>ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS |

The Court, having reviewed the Petition for Writ of Habeas Corpus, the government's Status Report and Recommendation, Petitioner's Response and exhibits, the Administrative Record, the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, Petitioner's Objections, Respondents' Response thereto, and the remaining record, finds and orders as follows:

(1) The Court ADOPTS the Report and Recommendation with the following additional comments: the Court is not persuaded that the Magistrate Judge erred in determining that petitioner's removal is reasonably foreseeable. The mere fact that more than six months has passed since petitioner was taken into INS custody does not satisfy his burden. *See Lema v. INS*, Case. No. C02-627L (W.D. Wash. Aug. 8, 2002). As this Court explained in *Lema*:

> While an alien's detention will no longer be presumed reasonable after six months, there is nothing in Zadvydas which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable. Rather, the passage of time is simply the first step in the analysis. Petitioner must then provide 'good reason to believe that there is no

ORDER
PAGE – 1

significant likelihood of removal in the reasonably foreseeable future.' The Supreme Court's effort to promote uniformity by providing a presumptively reasonable period of detention 'does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'

*Id.* at 3 (citations omitted).

Here, petitioner argues that the Magistrate Judge erred in relying on "vague assertions" by respondents that his travel documents would be issued within 90 days of the initial request. However, that 90-day time period has not yet expired, and there is no indication, other than general statistical information provided by petitioner, that such travel documents will not be issued. In *Zadvydas*, the Supreme Court stated that the Court must "take appropriate account of the greater immigration-related expertise of the Executive Branch" in reviewing cases of alleged indefinite detention. *Zadvydas*, 121 S. Ct. at 2504. Based on the record, there is no reason to believe at this time that respondents will not be able to remove petitioner in the reasonably foreseeable future. Accordingly, the Court finds that respondents have provided sufficient evidence to rebut petitioner's allegations that removal is not foreseeable.

The Court notes, however, that respondents' last communication with India's Ministry of External Affairs/Foreign Ministry occurred on April 28, 2006. (*See* Dkt. #12). It also appears that respondents have made no further efforts to verify whether petitioner's travel documents will indeed be forthcoming before the end of July. Based on this period of inaction, and on the foregoing reasons, the Court will DENY petitioner's habeas petition, but it will not be dismissed. The Supreme Court noted in *Zadvydas* that "as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 121 S. Ct. at 2505. Thus, if petitioner is still in custody in 30 days from the date of this Order, the Court believes that the record, which currently supports denial of the habeas petition, loses its force. Based on this belief, the Court will retain jurisdiction over the action to ensure efficient resolution of any future disputes. *See Athwal v. Ashcroft*, Case No.

ORDER
PAGE – 2

C02-1423L (W.D. Wash. Dec. 10, 2002)) (supporting this disposition); *Tan v. INS*, Case. No. C02-0122L (W.D. Wash. July 29, 2002)(same);

(2) Defendants' Motion to Dismiss (Dkt #11) is GRANTED IN PART, and the Petition for Habeas Corpus (Dkt. #3) is DENIED at this time;

(3) This action WILL NOT BE DISMISSED.  In order to ensure the efficient resolution of any future disputes, the Court will retain jurisdiction over the matter.  Respondents shall file a report on the status of petitioner's removal on or before August 15, 2006.  If petitioner remains in custody as of that date, the Bureau of Immigration and Customs Enforcement ("ICE") shall SHOW CAUSE why his petition of habeas corpus should not be granted.  Petitioner shall file a response, if any, no later than August 22, 2006.  Respondents shall file their reply, if any, no later than August 25, 2006; and

(4) The Clerk shall note an Order to Show Cause on the Court's calendar for August 15, 2006, and shall send a copy of this Order to all counsel of record, and to the Honorable Monica J. Benton.

DATED this __14th__ day of July 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE